1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOTTI CHAMBLIN,

                 Plaintiff,

      v.

TIMOTHY J. GREENE, Chairman of the
Makah Tribal Council, HONORABLE
JOHN HAUPT, Chief Judge of the Makah
Tribal Court, MORISSET, SCHLOSSER,
JOZWIAK & SOMERVILLE, A
Professional Service Corporation,

                 Defendants.

CASE NO. C14-5491 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

     This matter comes before the Court on Defendants Timothy Greene, Honorable

John Haupt, and Morisset, Schlosser, Jozwiak & Somerville's ("Defendants") motion to

dismiss (Dkt. 5).  The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby grants the motion for

the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

     Plaintiff Dotti Chamblin is a member of the Makah Tribe ("Tribe"), as well as a

patient at the Tribe's Health Clinic ("Clinic").  Dkt. 5, Declaration of Rebecca JCH

Jackson ("Jackson Dec."), Ex. 4; Dkt. 6 at 1.

On January 3, 2014, the Clinic's Health Director, Elizabeth Buckingham ("Buckingham"), filed a petition for an order of protection against Plaintiff. Jackson Dec., Ex. 2. In the petition, Buckingham alleged that Plaintiff made threats against a Clinic staff member. *Id.* at 18. That same day, the Makah Tribal Court ("Tribal Court") granted a temporary order of protection. Jackson Dec., Ex. 3.

On January 8, 2014, the Clinic sent Plaintiff a notice of suspension of nonemergency services under the Clinic's Violent Patient Policy. Jackson Dec., Ex. 4. The notice explained that Plaintiff could only use the Clinic for emergency medical care with a police escort. *Id.* at 23. The notice also explained how Plaintiff would obtain her regular nonemergency treatment. *Id.*

On April 28, 2014, the Clinic voluntarily moved to dismiss its petition for an order of protection. Jackson Dec., Ex. 1. The Tribal Court granted the Clinic's motion. *Id.*

Plaintiff appealed the Tribal Court's order. Jackson Dec., Ex. 5. On June 16, 2014, the Makah Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. *Id.* In its decision, the Makah Court of Appeals explained that Plaintiff was not an aggrieved party because the petition against her was dismissed. *Id.*

On June 20, 2014, Plaintiff, appearing pro se, sued the Defendants in this court. Dkt. 1. Plaintiff alleges that the issuance of the restraining order violates various provisions of the Indian Civil Rights Act ("ICRA"). *Id.* at 4–5.

On July 11, 2014, Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1), failure to state a claim under Rule 12(b)(6), and ineffective service of process under Rule 12(b)(5). Dkt.

1    5.  On July 23, 2014, Plaintiff responded by filing a "Motion to Court to Accept Case."

2    Dkt. 6.  On August 8, 2014, Defendants replied.  Dkt. 8.

3                                           **II. DISCUSSION**

4         Plaintiff alleges claims under the ICRA.  Dkt. 1 at 4–5.  Defendants argue that the

5    Court lacks subject matter jurisdiction over Plaintiff's claims.  Dkt. 5 at 4.  In response,

6    Plaintiff argues that the Court has jurisdiction under the ICRA, the Treaty of January 31,

7    1855 ("Treaty"), and Article VI, Clause 2 of the U.S. Constitution.  Dkt. 6 at 1–2.

8         Rule 12(b)(1) provides for dismissal of claims if the court lacks subject matter

9    jurisdiction.  Jurisdiction is a threshold issue that should be addressed before considering

10   the merits.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–96 (1998); *Retail*

11   *Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148 (9th Cir.

12   2003).  The burden falls on the plaintiff to establish that jurisdiction is proper.  *Kokkonen*

13   *v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  If the court finds that it lacks

14   subject matter jurisdiction, then it "must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

15        Here, the Court lacks jurisdiction under the ICRA and the Treaty.  Federal courts

16   only have jurisdiction under the ICRA to hear claims against tribes in habeas corpus

17   proceedings.  *See* 25 U.S.C. § 1303; *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 67–70

18   (1978).  Plaintiff, however, has not filed a habeas petition.  Moreover, the ICRA "does

19   not impliedly authorize actions for declaratory or injunctive relief against either the tribe

20   or its officers."  *Martinez*, 436 U.S. at 72.  Similarly, the Treaty does not create an

21   implied cause of action for individual tribal members against the Tribe or its officers.  *See*

22

1   Treaty with the Makah Tribe, Jan. 31, 1855, 12 Stat. 939.  Thus, neither the ICRA nor the

2   Treaty confer jurisdiction on the Court in this case.

3          The Court also lacks jurisdiction under Article VI, Clause 2 of the U.S.

4   Constitution.  Article VI, Clause 2 does not confer jurisdiction on the Court or give rise to

5   Plaintiff's claims.  *See* U.S. Const. art. VI, cl. 2.

6          Finally, Defendants Greene and Haupt are tribal officers who are immune from

7   suit.[1]  Sovereign immunity bars suits against tribes unless Congress has authorized the

8   suit or a tribe has waived its immunity.  *Martinez*, 436 U.S. at 58–59.  Waivers of

9   sovereign immunity must be express and unequivocable.  *Id.* at 58.  Sovereign immunity

10  also extends to tribal officials acting within the scope of their authority.  *Linneen v. Gila*

11  *River Indian Cmty.*, 276 F.3d 489, 492 (9th Cir. 2002).

12         In this case, Defendants Greene and Haupt acted within the scope of their

13  authority.  Defendant Haupt performed his job as the Tribal Court's Chief Judge when he

14  dismissed the Clinic's petition for an order of protection.  *See* Jackson Dec., Ex 1.  This

15  act is within the scope of Defendant Haupt's authority.  Meanwhile, Defendant Greene

16  was not involved in either the Tribal Court proceedings or the Clinic's administrative

17  action. Dkt. 8, Declaration of Timothy J. Greene at 2.  Additionally, the Clinic's petition

18  for an order of protection did not waive Defendant Greene's or Defendant Haupt's

19  sovereign immunity for claims brought by Plaintiff in federal district court.  *See Okla.*

20

21         [1] The ICRA applies to tribes acting in their governmental capacity.  *See* 25 U.S.C.
    § 1302(a).  Accordingly, the ICRA does not apply to Defendant Morisset, Schlosser, Jozwiak &
22  Somerville, a non-tribal law firm.  Jackson Dec. at 2.

1  *Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 510 (1991) ("Tribe

2  did not waive its sovereign immunity merely by filing an action for injunctive relief.").

3  Plaintiff's claims against Defendants Greene and Haupt are therefore barred by sovereign

4  immunity.

5    Because the Court does not have jurisdiction over Plaintiff's claims, Defendants'

6  motion to dismiss on this issue is granted.

7                                      **III. ORDER**

8    Therefore, it is hereby **ORDERED** that the Defendants' motion to dismiss (Dkt.

9  5) is **GRANTED**, and the Clerk shall close the case.

10   Dated this 2nd day of September, 2014.

11

12  _____

13  BENJAMIN H. SETTLE
    United States District Judge

14

15

16

17

18

19

20

21

22